STATE OF TENNESSEE, ex rel. v. ED. GIFFIN.

Eastern Section.   December 3, 1927.

W. H. Eagle, of Knoxville, for plaintiff in error.

James G. Johnson and Ben Winick, of Knoxville, for defendant in error.

THOMPSON, J.   On February 17, 1927, Esq. Jos. W. Sneed, a Justice of the Peace of Knox county, summoned Esq. Edward Giffin, another Justice of the Peace of Knox county, to answer before him (Esq. Sneed) why he should not be punished for contempt of his (Esq. Sneed's) court for causing to be published in the Knoxville Journal and Tribune, a newspaper of general circulation published in Knox county, of and concerning his court, on February 3, 1927, the following:

"Edward Giffin and A. L. Cardwell, Justice of the Peace, with offices on State street just below the Y. M. C. A. building and opposite the city jail, stated that they have not issued warrants against automobile drivers not having on their cars the 1927 automobile license tags.

" 'We will not issue any such warrants until they are sworn out under the authority of Sheriff Walter C. Anderson,' was the statement of 'Squire Giffin Wednesday afternoon, ''Since we are thoroughly in accord with the high sheriff against fee grabbing tactics.'' ' ''

The summons was served upon Esq. Giffin and on March 16, 1927, he filed a sworn answer before Esq. Sneed as follows:

"Comes Ed. Giffin and for answer to the citation herein, and states that he did make a statement to a newspaper reporter in regard to being opposed to the illegitimate collection of fees, but in so doing, had no reference to the Honorable Joseph W. Sneed, Justice of the Peace, and meant no reflection whatever as to him."

On March 16, 1927, Esq. Sneed entered the following judgment under the heading of State of Tennessee ex. rel. v. Ed. Giffin:

"In this case, having duly considered the pleadings and proof, together with the argument .of counsel, I find and adjudge the defendant, Ed Giffin, both personally and as Justice of the Peace, guilty of contempt of this court, fine him ten dollars therefor and tax him with the costs, for all of which execution will issue. This March 16, 1927."

Esq. Giffin appealed to the circuit court where the case was tried on May 10, 1927, by Hon. J. M. Meek, Special Judge, without the intervention of a jury, and the following judgment was entered:

"This case came on to be heard before the Honorable James M. Meek, Special Judge, upon the warrant issued by Joseph .W. Sneed, Justice of the Peace, and the oral pleas thereto; that is, the pleas of defendant, and a plea that a Justice of the Peace, under the Fifth and Fourteenth amendments to the Constitution of the United States, could not try another Justice of the Peace for an alleged contempt not committed in his presence where the trying Justice of the Peace was the aggrieved party, because under a recent holding of Chief Justice Taft, in the case of Tuney v. The State of Ohio, in the Supreme Court of the United States, that such trial by a Justice of the Peace, was not either the law of the land, or due process of law; and that the Justice of the Peace acting as prosecutor, attorney, and trial judge, had no right to try another Justice of the Peace, and for that reason also, the suit should be dismissed.

"And further, that the prosecuting and Trial Justice of the Peace had no authority to issue a warrant in the name of the State of Tennessee, without the authority of the Attorney-General, who in this case was defending. And after hearing the testimony of said Justice of the Peace, Joseph W. Sneed, which was all the testimony offered in this case, the defendant further moved the court to dismiss the case, because no showing whatever of contempt was made in the case under the proof.

"After consideration of all of said motions, and the testimony offered, the court is of the opinion that no showing whatever is made to make out a case of contempt, or authority of the trial court to punish therefor, nor any showing which would authorize this court on appeal, to find a contempt or punish therefor, and all of said motions are accordingly sustained and the suit dismissed and for nothing held.

"The court is of the opinion that the costs will have to be taxed against Knox county, and it is accordingly so taxed, but no State or county tax will be fixed by the Clerk in making out the bill of costs."

From this judgment the plaintiff, its motion for a new trial having been overruled, has appealed to this court and has assigned one error as follows:

"The court erred in sustaining the defendant's motion to dismiss said case which motion was made at the close of plaintiff's testimony."

The bill of exceptions, after its formal caption, etc., states and contains only the following:

"Joseph W. Sneed having been first duly sworn made the following statement:

"This case grew out of a publication published in the Journal and Tribune on February 3, 1927, which I hold in my hand and will present to the court and it is about the automobile license tags which statement in quotations gives Squire Giffin's statement as to what he said and he was tried before me for contempt of court and I fined him $10, and the case was appealed to this court. I am ready and stand ready to answer any questions counsel for the other side may wish to ask me.

"The paper in question containing the article referred to, was marked Exhibit 'A' to the testimony of Joseph W. Sneed and the article in question is as follows:

"(Then followed the article hereinbefore copied, and which we will not copy again.)

"The Court: The answer admits the article in question was published in the paper, there is no qestion about that.

"Mr. Winick: I have three cases here also to present and I can produce several more that the warrants were sworn out on February 1, 1927 and were disposed of on the 7th day of February which were seven days after one was disposed of on the 3rd and one on the 5th. I offer that for the State and rely upon the report here for the law.

"The cases here referred to were marked Exhibits B, C and D to the testimony of Joseph W. Sneed, and made a part of the record.

"(However, they were not copied into the bill of exceptions, were not sent up with the record and do not appear otherwise. So we are left to conjecture as to what they were.)

## "CROSS-EXAMINATION."

"By Mr. Winick:

"Q. You will admit no mention was made of any one of these cases at the time this was published in this paper? A. I do.

"Q. And no particular Justice of the Peace, including yourself mentioned in this article? A. I do.

"Q. Or that no cases of any character were mentioned at the time? A. Yes, sir.

"Q. This is full and is what you are relying on? A. It is.

"Mr. Johnson: Is that your case?

"Judge Sneed: That is the State's side.

"Mr. Winick: Before we introduce any proof we are going to ask that this case be dismissed for want of sufficient proof at this time to make out a case by the State of Tennessee."

Thereupon after argument by counsel for both sides, the court said:

(Here followed an extended statement by the court giving his reasons for thinking that a case had not been made out and which ended by sustaining the defendant's motion to dismiss the case.)

"This is all of the evidence introduced and proceedings had on the trial of this case."

We do not think the foregoing was sufficient to make out a case of contempt against the defendant, and we are of the opinion that the trial court did not err in dismissing the case. It does not show that the statement appearing in the newspaper publication related to any particular or pending litigation or that there was any litigation pending before Esq. Sneed to which it could have related. Neither does it show that said publication referred to Esq. Sneed or to any particular court or Justice of the Peace. It does not show that the defendant knew or had reason to believe that there were any cases pending before Esq. Sneed involving failures to register automobiles, etc., if in fact any such cases were pending before him.

It also seems to us that a person reading the article could have construed it as a reflection upon officers who had sworn out warrants before Justices of the Peace against persons for driving automobiles without having registered them, etc., rather than as a reflection upon the Justices of the Peace before whom they had been sworn out.

For the foregoing reasons, which were in great part the ones stated by the trial court, we do not think he erred in dismissing the case and his judgment in that regard will be affirmed.

As hereinbefore shown, the trial court taxed the costs against Knox county, and we notice that the bill of costs contains an item of $2.50 in favor of Esq. Sneed as the Justice of the Peace before whom the case was tried. It does not seem to us that this item should be taxed against the county, and the decree in this court will disallow the same.

The costs of the appeal will be taxed against Esq. Sneed, as principal, and W. H. Eagle, as surety, on the appeal bond given to perfect the appeal to this court.

Portrum and Snodgrass, JJ., concur.